Hopkins moved to amend a count in the declaration, in conformity to the original writ, (a certified copy of which he produced,) by striking out the words "town of Herkemer,” and inserting the “ town of German Flats.”[1]
Ordered.

 The New York Code of Procedure (secs. 169 to 115) provide: No variance between the allegation in a pleading and the proof, shall be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defence, upon the merits. Whenever it shall be alleged, that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended, upon such terms aa shall be just.
Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs.
Where, however, the allegation of the cause of action or defence to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, within the last two sections, but a failure of proof.
Any pleading may be once amended by the party of course, without costs, and without prejudice to the proceedings already had, at any time before the period for answering it expires, or, it can be so amended at anytime within twenty days after the service of the answer or demurrer to such pleading unless it be made to appear to the court that it was done for the purposes of delay and the plaintiff or defendant will thereby lose the benefit of a circuit or term for which the cause is or may be noticed, and if it appear to the court that such amendment was made for such purpose the same may be stricken out and such terms imposed as to the court may seem just. In such case a copy of the amended pleading must be served on the adverse party. After the decision of a demurrer, either at a general or special term, the court may, in its discretion, if it appear that the dem'vrrer was interposed in good faith, allow the party to plead over upon such to'ms as may be just. If the demurrer be allowed for the cause mentioned in the fifth sub-division of section one hundred and forty-four, the court may, in ite discretion, and upon such terms as may be just, order the action to be *38 divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned.
The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, when the amendment does not change substantially the claim or defence by conforming the pleading or proceeding to the facts proved.
The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this act, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect; and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this code, the court may in like manner and upon like * terms, permit an amendment of such proceeding, so as to make it comformable thereto.
When the plaintiff shall be ignorant of the name of a defendant, such defendant may be designated in any pleading or proceeding, by any name j and when his true name shall be discovered, the pleading or proceeding may be amended accordingly.